IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERMAN COLEMAN,                )
                                )
            Plaintiff,           )
                                ) CIVIL ACTION NO. 2:07-166
      v.                         )
                                ) JUDGE KIM R. GIBSON
MICHAEL J. HERBIK, M.D.; ROBERT  )
TRETINIK, R.N.; and PRISON HEALTH)
SERVICES,                        )
                                )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

### I. History

The above-captioned matter is before the Court on Sherman Coleman's ("Plaintiff's") *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging "denial of medical care in violation of the Eighth and Fourteenth Amendments to the United States Constitution." Document No. 8 ¶ 1. On October 19, 2007, defendant Michael J. Herbik, M.D. ("Defendant"), moved, pursuant to Fed. R. Civ. P. 30(a)(2), to depose Plaintiff. Document No. 32. This Court promptly granted the motion. Document No. 34. Plaintiff, arguing lack of notice, moved to rescind or modify the order. Document No. 35. The Court granted Plaintiff's motion to rescind, and ordered that his motion to modify be treated as his response to Defendant's motion. Document No. 37. The Court now takes up that response.

### II. Discussion

Defendant notes that if Plaintiff were not a prisoner Defendant would have no need to seek the Court's permission to conduct the deposition. Document No. 33 § 4; *see* Fed. R. Civ. P. 30(a). Defendant asserts that without the deposition he "lacks the ability to prepare adequately for trial or to determine the appropriateness of a motion for summary judgment." Document No. 32 ¶ 6. In response,

1

Plaintiff seeks a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and 26(c)(1)(3) that his deposition be carried out via written questions. Document No. 35 ¶ 8. He expresses concern that, since he is not an attorney, defense counsel would "gang up" on him during a deposition, and argues that he should therefore be allowed to respond to questions in writing, thus affording him the opportunity to conduct research and enter cogent objections before answering Defendant's questions. Document No. 35 ¶¶ 7-8. Plaintiff also seeks relief from oral deposition pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i), arguing that the "information sought by oral deposition is obtainable from some other source, e.g., interrogatories, requests for admissions, deposition on written questions, which are more convenient, less burdensome, and less expensive." Document No. 35 ¶ 9.

Plaintiff's motion for a protective order is easily decided. Such a motion must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action . . . ." Fed. R. Civ. P. 26(c). Plaintiff has furnished no such certification, and his motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and 26(c)(3) is therefore denied.

As noted above, Plaintiff has also moved for relief from oral deposition under Fed. R. Civ. P. 26(b)(2)(C)(i). Document No. 35 ¶ 9. The Court cannot understand how a deposition conducted at Defendant's expense; at Plaintiff's place of incarceration; where Plaintiff is acting *pro se* and therefore has no expenses for counsel; and where Plaintiff need only speak rather than respond in writing to Defendant's questions, is in any way inconvenient, burdensome or expensive to Plaintiff. Moreover, the function of Fed. R. Civ. P. 26(b)(2) is to ensure "proportionality" – to ensure that the costs of discovery are warranted by the nature of the case. 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008.1 (2d ed. 1994 & Supp. 2007). Plaintiff seeks

2

compensatory and punitive damages of $750,000 from Defendant, (Document No. 8 p.12); it is certainly not disproportionate for Plaintiff to have to spend several hours of his incarceration answering Defendant's questions so that Defendant can prepare his defense.

Although Plaintiff alleges that "Defendants will not be irreparable [sic] harmed by not proceeding with an oral deposition in this circumstance," (Document No. 35 ¶ 10), Defendant's argument that without the deposition he "lacks the ability to prepare his defense and to determine whether or not a motion for summary judgment is appropriate," (Document No. 33 § IV), is, while somewhat overstated, essentially correct. Certainly in-person examination of a witness, which allows the questioner to formulate his questions based on the witness's responses, allows a more nuanced and searching inquiry than is possible in an exchange of documents. Moreover, as a matter of basic fairness, if a plaintiff hails someone into court, he should be prepared to explain to the Defendant the factual basis for his action.

## ORDER

AND NOW, this 6th day of November, 2007, it is **HEREBY ORDERED** that Defendant Herbik's Motion to Take Deposition of Sherman Coleman, (Document No. 32), is **GRANTED**, and Plaintiff's motions pursuant to Fed. R. Civ. P. 26(c)(1), 26(c)(3) and 26(b)(2)(C)(I), (Document No. 35), are **DENIED**.

BY THE COURT

*/s/ Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

4